IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FIRST BAPTIST CHURCH,  §
§
    Plaintiff,  §
§
v.  §    CIVIL ACTION NO. CIV-23-902-PRW
§
BROTHERHOOD MUTUAL INSURANCE  §
COMPANY,  §
§
    Defendant.  §

## ORIGINAL COMPLAINT

Plaintiff files this Original Complaint and alleges the following:

### PARTIES

1.    Plaintiff First Baptist Church is an Oklahoma citizen and not for profit corporation with its principal place of business located at 308 East Main Street, Amber, Oklahoma 73004.

2.    Defendant Brotherhood Mutual Insurance Company is a corporation doing business in Oklahoma, with its principal place of business located at 6400 Brotherhood Way, Fort Wayne, Indiana 46825. Defendant can be served with process through its agent for service of process, Oklahoma Insurance Commissioner, 400 NE 50th Street, Oklahoma City, OK 73105.

### JURISDICTION AND VENUE

3.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff is an Oklahoma citizen. Defendant is an Indiana citizen. An actual controversy exists which arises from damage to Plaintiff's real and personal property in Amber, Oklahoma. The matter in controversy exceeds $75,000, exclusive of interest and costs.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to this action occurred in this Court's judicial district and the subject property is located in this Court's judicial district.

## FACTUAL BACKGROUND

5.      The parties entered into an insurance contract identified as Policy 35MAA0433785 (the "Policy"). The Policy covered, among other causes of loss, hail losses which occurred during the coverage period, March 19, 2020 to March 19, 2023. The Policy insured the real and personal property located at 308 East Main Street, Amber, Oklahoma 73004 and 1531 County Road 1300, Amber, Oklahoma 73004-5520 (the "Property").

6.      On or about October 10, 2021, a catastrophic hailstorm damaged the Property. Plaintiff timely reported the loss and complied with all duties and conditions precedent under the Policy.

7.      On or around May 2022 and June 2022, Plaintiff sent Defendant an estimate for the damage and demanded the insurer indemnify Plaintiff for the covered damage, minus the applicable deductible. On around April 2023 and May 2023, Plaintiff again sent Defendant an estimate for the covered damage to the Property. Defendant denied the vast majority of Plaintiff's claim.

8.      Defendant's investigation and claims determination does not comply with the deadlines for an insurer completing its investigation as required by *Okla. Stat. tit. 36 § 1250.7(C)* and *Okla. Admin Code § 365:15-3-7(a)(1)*.

9.      Defendant failed and refused to perform a complete, competent, and unbiased investigation of the claim, in breach of the Policy and in violation of its duty of good faith and fair dealing.

**CAUSES OF ACTION**

10.     **Breach of Contract.**  Plaintiff incorporates the allegations of paragraphs 5–9 the same as if fully set forth herein. The parties entered into an insurance contract identified as the Policy. Plaintiff complied with the Policy's provisions, including but not limited to payment of the premiums and timely notice of the loss. Defendant breached a material provision of the Policy by refusing to pay replacement cost damages owed under the Policy after a Covered Cause of Loss. Defendant's breach damaged Plaintiff.

11.     **Breach of the Duty of Good Faith and Fair Dealing.**     Plaintiff incorporates the allegations of paragraphs 5–9 the same as if fully set forth herein. Defendant's refusal to pay the claim was unreasonable under the circumstances because: (1) Defendant did not perform a proper investigation; (2) Defendant did not evaluate the results of the investigation properly; and/or (3) Defendant had no reasonable basis for its refusal to issue the claimed amount. Defendant did not deal fairly and in good faith with Plaintiff. Defendant's violation of its duty of good faith and fair dealing was the direct cause of the damages sustained by Plaintiff and sought to be recovered in this action.

12.     Pursuant to *23 Okla. Stat. § 23-9.1B Punitive Damages*, Defendant recklessly, or alternatively, intentionally and with malice, disregarded its duty to deal fairly with Plaintiff and is liable for punitive damages. Upon information and belief, Plaintiff alleges Defendant's actions were not isolated events but were consistent with approved company-wide practices or policies which reward and encourage systematic underpayment, delay, and denial of covered claims.

13.     **Section 3629 Liability.**     Defendant failed to submit a written offer of settlement within 90 days of receipt of information sufficient to establish proof of the loss, which occurred at the latest on May 2023. Plaintiff is entitled to its costs and attorney's fees as a prevailing party. Defendant has made no written offer of settlement.

## JURY DEMAND

14.    **Jury Demand.** Plaintiff demands a jury.

## PRAYER

15.    Plaintiff prays Defendant be cited to appear and answer herein and upon hearing that

Plaintiff recover judgment against Defendant for the following:

    a.    Actual damages;

    b.    Attorney's fees for services rendered and that are allowed by law;

    c.    Post-judgment interest and costs;

    d.    Exemplary and punitive damages as allowed by law;

    e.    Penalties and interest as allowed by law; and

    f.    All other relief to which Plaintiff may show itself entitled in law or in equity.

Respectfully Submitted,

/s/ Benjamin D. Doyle
BENJAMIN D. DOYLE
Okla. State Bar No.: 33346
**STOCKARD, JOHNSTON,
BROWN, NETARDUS & DOYLE, P.C.**
P.O. Box 3280
Amarillo, Texas 79116-3280
(806) 372-2202 - Telephone
(806) 379-7799 - Fax
bdoyle@sjblawfirm.com
**ATTORNEY FOR PLAINTIFF**

4